# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2967

_____

United States of America,

*Plaintiff - Appellee*,

v.

Sabas Rodriguez-Cisneros, also known as Sabas Cisneros, also known as Sabas Cisneros Rodriguez, also known as Sabras R. Cisneros Rodriguez, also known as Sabas Cisneros-Rodriguez, also known as Sabas Rodriguez Cisneros, also known as Jorge Rodriguez Cisneros, also known as Jorge Rodriguez-Cisneros, also known as Jorge Medrano, also known as Sabas C. Rodriguez, also known as Jorge Rodriguez, also known as Delfino Rodriguez Cisneros, also known as Delfino Rodriguez-Cisneros, also known as Delfino Rodriguez, also known as Delfino Cisneros, also known as Ernan Bustos, also known as Antonio Rodriguez, also known as Jose Cruz Cisneros, Jr., also known as Jose Cruz Rodriguez Cisneros, also known as Jose Cruz Rodriguez-Cisneros, also known as Sabas Rodriguez, also known as Jorge Cisneros,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: May 15, 2020
Filed: August 3, 2020
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

A jury convicted Sabas Rodriguez-Cisneros of conspiring to distribute or possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of methamphetamine mixture. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] sentenced him to 250 months' imprisonment. On appeal, Rodriguez-Cisneros challenges the sufficiency of the evidence to support the verdict, and argues that the court imposed an unreasonable sentence. We affirm.

A principal witness at trial was a former girlfriend of Rodriguez-Cisneros who reached a plea agreement with the government. She was arrested in March 2018 for possessing methamphetamine and fentanyl.

The girlfriend testified about buying methamphetamine from Rodriguez-Cisneros for approximately one year and paying him back with proceeds of her own sales. She described serving as a "middleman" in various drug transactions and money transfers orchestrated by Rodriguez-Cisneros. She also explained how she received a series of packages from Mexico that contained drugs for Rodriguez-Cisneros in spring 2018. The government presented text messages between the girlfriend and Rodriguez-Cisneros in which they discussed exchanging drugs and splitting the proceeds of sales. The jury also heard recorded telephone calls made from jail after the girlfriend's arrest in which the two discussed the charges and evidence against her.

---

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

Two of the girlfriend's customers also testified after reaching plea agreements with the government. The first testified that he bought methamphetamine several times from the girlfriend and recounted one instance when he bought a half-pound directly from Rodriguez-Cisneros. The other witness described purchasing methamphetamine from the girlfriend, including on one occasion when she took money from the buyer and returned with drugs from a car occupied by Rodriguez-Cisneros. The jury found Rodriguez-Cisneros guilty of the charged conspiracy.

At sentencing, the district court calculated an advisory guideline range of 262 to 327 months' imprisonment. Rodriguez-Cisneros moved for a downward variance from the range, citing the lower sentences of his co-conspirators and arguing that a sentence exceeding 20 years overstated the seriousness of the offense. The district court varied downward and imposed a 250-month sentence.

Rodriguez-Cisneros argues on appeal that the evidence was insufficient to convict him of conspiracy. We review the evidence in the light most favorable to the verdict and consider whether a rational jury could have found the defendant guilty beyond a reasonable doubt. *United States v. El Herman*, 583 F.3d 576, 579 (8th Cir. 2009); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Rodriguez-Cisneros challenges the credibility of the witnesses based on their desire to earn reduced sentences by cooperating with the government. But it is the jury's responsibility to evaluate witness credibility, and its determinations are "virtually unreviewable on appeal." *United States v. Alexander*, 714 F.3d 1085, 1090 (8th Cir. 2013) (internal quotation omitted). We have "repeatedly upheld jury verdicts based solely on the testimony of conspirators and cooperating witnesses." *United States v. Mayfield*, 909 F.3d 956, 963 (8th Cir. 2018) (internal quotation omitted).

The witnesses here corroborated one another, and their testimony was bolstered by text messages, jailhouse telephone recordings, and delivery records for drugs

received by the girlfriend. Rodriguez-Cisneros cross-examined the witnesses about their plea agreements, and juries are capable of weighing testimony in light of cooperation agreements with the government. *United States v. Hamilton*, 929 F.3d 943, 946 (8th Cir. 2019). The evidence produced at trial was more than sufficient to support a reasonable finding of guilt.

Rodriguez-Cisneros also contends that the court imposed an unreasonable sentence. We review the reasonableness of the sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

Rodriguez-Cisneros suggests that the district court improperly penalized him for proceeding to trial, but this contention is not supported by the record. The court did comment that Rodriguez-Cisneros ignored his lawyer's advice to plead guilty, but permissibly did so in the context of discussing the defendant's unwillingness to accept responsibility for his criminal conduct and the consequences of that choice. The court is permitted to consider a defendant's failure to accept responsibility as part of the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1); *see United States v. Jimenez-Gutierrez*, 491 F.3d 923, 927 (8th Cir. 2007).

In the end, the court imposed a sentence below the advisory range of 262 to 327 months in prison. "Where, as here, a district court varies below a properly calculated guidelines sentence, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Farah*, 899 F.3d 608, 616 (8th Cir. 2018) (internal quotation omitted). The record demonstrates that the district court adequately considered the § 3553(a) factors before imposing the 250-month sentence, and we discern no abuse of discretion.

The judgment of the district court is affirmed.

_____